UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 26-61109-CIV-DIMITROULEAS/HUNT

LUIS CANCHO-DIEZ SCHREIBER,

      Plaintiff,

vs.

COLUMBIA DEBT RECOVERY, LLC,
d/b/a GENESIS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff Luis Cancho-Diez Schreiber's ("Plaintiff") Motion for Default Judgment, ECF No. 12, and Motion for Reconsideration, ECF No. 13. The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a ruling on all non-dispositive matters and a report and recommendation on any dispositive matter. ECF No. 4; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having considered both Motions, the entire record, and being otherwise fully advised in the premises, the Court hereby RECOMMENDS[1] that both Motions be DENIED for the reasons set forth below.

---

[1] "There is some authority that a motion for default is a dispositive motion and therefore may only be resolved by a magistrate judge through a Report and Recommendation." *Desty v. Georgia Dep't of Hum. Servs. / Child Support Servs.*, No. 23-CV-03073, 2024 WL 1589505, at *1 (N.D. Ga. Mar. 5, 2024) (collecting cases), *report and recommendation adopted*, No. 23-CV-03073, 2024 WL 4347881 (N.D. Ga. Sept. 30, 2024), *aff'd*, No. 24-13600, 2026 WL 1003935 (11th Cir. Apr. 14, 2026).

**BACKGROUND**

As alleged in the First Amended Complaint, ECF No. 1 at 38–76, this dispute arises out of a denied tenancy application.  In short, Plaintiff alleges that he applied to rent an apartment owned by GS Brickell Project Owner LLC d/b/a SOMA at Brickell ("Soma") and managed by GREP Southeast, LLC d/b/a Greystar ("Greystar").  *Id.* at 42.  Greystar denied Plaintiff's application and Plaintiff never moved in.  *Id.*  Despite that, Plaintiff alleges that Greystar "fabricated tenancy and financial records."  *Id.*  Plaintiff asserts that Columbia Debt Recovery, LLC d/b/a Genesis ("Genesis") demanded payments from Plaintiff to satisfy tenancy-related debts that were never actually accumulated.  *Id.* at 44.

Based on the foregoing, Plaintiff sued four Defendants:  the property manager Greystar, the real estate company Soma, the debt collection agency Genesis, and Leah Douthit, in her capacity as the Licensed Real Estate Broker of Record for GREP Southeast, LLC d/b/a Greystar ("Douthit").  Plaintiff brings claims of (I) fraud, (II) defamation per se, (III) slander of credit, (IV) a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, (V) a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, (VI) a violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, (VII) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, (VIII) unjust enrichment, (IX) negligent supervision, (X) negligent retention, (XI) negligent misrepresentation, and (XII) broker supervisory negligence.  ECF No. 1 at 49–60.

Based on the claims arising under federal statutes, Genesis removed to federal court.  Here, the undersigned addresses both the Motion for Default Judgment and the Motion for Reconsideration because they are interrelated.

2

**DISCUSSION**

Plaintiff seeks a default judgment against Genesis.[2]  "A default judgment is an extreme sanction and a weapon of last resort."  *Palmer v. Toilet Taxi Corp.*, No. 08-60243-CIV-DIMITROULEAS, 2008 WL 11331780, at *1 (S.D. Fla. June 19, 2008) (citation omitted).  Federal Rule of Civil Procedure 55, which governs default judgments, states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Generally, an entry of default is a "prerequisite to a default judgment."  *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004), *aff'd*, 151 F. App'x 860 (11th Cir. 2005).

Plaintiff's Motion for Default Judgment is founded upon a misunderstanding of a court order.  On April 17, 2026, Defendants Greystar and Douthit timely moved for an extension of the time to respond to the Complaint.  ECF No. 3.  This Court granted that relief, ordering that "Defendants shall respond to the Complaint by May 25, 2026."  ECF No. 5.  Accordingly, the Clerk did not enter default against Genesis or any other Defendant in this action, noting that the answer deadline had not passed.  ECF No. 9.

Plaintiff contends that Genesis failed to join the motion for extension of time, so it should not be given the benefit of that extension.  ECF No. 12.  In response, Genesis

---

[2] Plaintiff presents this Motion as a "Consolidated Rule 72(a) Objection to DE5, Renewed motion For Clerk's Default Under Rule 55(a), and Conditional Motion for Default Judgment Under Rule 55(b) as to Defendant Columbia Debt Recovery LLC."  ECF No. 12.  The undersigned construes the filing as a Motion for Default Judgment.  "It is axiomatic that the substance of a claim controls over the title that the pleader assigns to the claim."  *Estate of Roig v. United Parcel Serv., Inc.*, No. 20-60811-CIV-GAYLES/STRAUSS, 2020 WL 6875790, at *8 (S.D. Fla. Sept. 30, 2020), *report and recommendation adopted*, 2020 WL 6873892 (S.D. Fla. Nov. 22, 2020) (collecting cases).

explains that "Genesis's failure to separately file a response was the product of a good-faith, reasonable, and non-willful mistake by prior counsel regarding the scope of [DE 5]."[3] ECF No. 21. Genesis also filed a motion under Federal Rule of Civil Procedure 6(b)(1)(B), which allows the court to "for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect." The Court granted that extension of time *nunc pro tunc*. ECF No. 23. Setting that aside, when a party moves for default judgment without first obtaining entry of default by the Clerk—which is the case here— the motion should be denied as "premature."[4] *Sun*, 342 F. Supp. 2d at 1124 n.2.

In the Motion for Reconsideration, Plaintiff seeks to vacate a previous order of this Court as it applies to Defendants Greystar, Douthit, and Soma.[5] ECF No. 13. Plaintiff argues that this Court erred in granting an extension of time to respond to the Complaint. Plaintiff argues, among other things, that he agreed that Defendants would have a "60-Day Waiver" but that sixty-day time period has lapsed. *Id.* at 2.

The parties agree that on March 24, 2026, Plaintiff sent the same waiver of service of process to all Defendants. Plaintiff sent the waiver in an "attempt[] to give all defendants equal time to respond." ECF No. 13 at 2. On that day, Plaintiff agreed that

---

[3] Genesis filed a waiver of service of process in state court memorializing an agreement that Genesis "must file and serve a response to the complaint (such as an answer or motion) within 60 days from March 26, 2026, which is the date on which this waiver is being executed." ECF No. 1 at 81.

[4] Genesis argues that even if default were to be entered, that default should be set aside for good cause pursuant to Fed. R. Civ. P. 55(c). The undersigned need not address those arguments because no default has been entered.

[5] Plaintiff presents this Motion as "Plaintiff's Opposition to [Greystar's] Motion for Extension of Time and Request to Vacate DE5 as to [Greystar]." ECF No. 13. The undersigned construes this as a Motion for Reconsideration. Though Plaintiff asserts that he is "entitled to district judge review" of this filing, ECF No. 13 at 5, the Court does not read the substance of the filing as an "objection" within the meaning of Rule 72(a).

"Defendant Greystar shall have 60 days from the date of execution of this waiver to serve in response to the First Amended Complaint." ECF No. 1 at 80. When time is calculated pursuant to Federal Rule of Civil Procedure 6, that sixty-day period ends on May 25, 2026.[6] Therefore, Plaintiff's assertion that the sixty-day period ended in April is incorrect.

Based on the agreed-upon waiver, Greystar and Douthit (who is represented by the same counsel as Greystar) moved for an extension of time in federal court. ECF No. 3. As stated above, this Court granted the requested relief. "[I]t is squarely within the Court's discretion to extend, within reason, a party's filing deadline." *Homesite Ins. Co. v. Mendenhall*, No. CV 2:22-00359-TFM-N, 2022 WL 18587885, at *5 (S.D. Ala. Nov. 30, 2022), *report and recommendation adopted*, No. CV 2:22-00359-TFM-N, 2023 WL 1786710 (S.D. Ala. Feb. 3, 2023). Given the agreement in state court to extend the response deadline to May 25, 2026, the record supports this Court's prior order granting an extension of time to all Defendants.[7]

Plaintiff's Motion for Reconsideration otherwise fails. "The decision to grant a motion for reconsideration is within the discretion of the district court." *Milbrath v. NCL Bahamas, Ltd.*, No. 17-22071-CIV-UNGARO, 2018 WL 2021338, at *1 (S.D. Fla. Jan. 29, 2018). Federal Rule of Civil Procedure 60(b) "allows for reconsideration upon grounds of mistake, fraud, inadvertence, misconduct, newly discovered evidence, or if the judgment is void." *Asalde v. First Class Parking Sys., LLC*, No. 16-20027-CIV-COOKE/TORRES,

---

[6] Sixty days after March 24, 2026, is May 23, 2026 (a Saturday), such that the deadline to respond would fall on Monday, May 25, 2026.

[7] The undersigned notes that Soma or "GS Brickell Project Owner, LLC" appeared in this action after the filing of the instant motions. ECF No. 57. Because Soma joined the Motion to Dismiss filed by Greystar, any arguments about its failure to respond to the Amended Complaint are now moot. *See id.*

2019 WL 5209076, at *1 (S.D. Fla. Feb. 26, 2019).  Plaintiff fails to establish any of those grounds and does not provide any legal authority supporting his contentions that the order was erroneous.   Moreover, it is apparent that the extension of time caused little to no prejudice to Plaintiff, as he previously agreed to extend the response deadline.   The Motion for Reconsideration should be denied.[8]

---

[8] Greystar also argues the Motion should be denied because Plaintiff did not confer prior to filing his Motion as required by Local Rule 7.1(a)(3).  *See, e.g., Rodriguez v. United Airlines, Inc.*, No. 23-20284-CIV-BLOOM/OTAZO-REYES, 2023 WL 2441191, at *1 (S.D. Fla. Mar. 2, 2023) ("Neither of Plaintiff's Motions contain a certification that Plaintiff conferred with Defendant prior to filing. Accordingly, both Motions are due to be denied."). Failure to comply with the Local Rules of this District has consequences.  The Parties are therefore warned that should another Motion come before this Court without adequate conferral, it will be denied without further consideration.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Default Judgment, ECF No. 12, and Plaintiff's Motion for Reconsideration, ECF No. 13, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 2nd day of July 2026.

_____

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable William P. Dimitrouleas

All Counsel of Record

Luis Cancho-Diez Schreiber
77 Hendricks Isle, Apt. 7
Fort Lauderdale, FL 33301