UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 26-61109-CIV-DIMITROULEAS/HUNT

LUIS CANCHO-DIEZ SCHREIBER,

Plaintiff,

vs.

COLUMBIA DEBT RECOVERY, LLC,
d/b/a GENESIS, et al.,

Defendants.

_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Motions to Dismiss filed by Columbia Debt Recovery, LLC d/b/a Genesis, ECF No. 28, and the Motion to Dismiss filed by GREP Southeast LLC and Leah Douthit, ECF No. 33. The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a ruling on all non-dispositive matters and a report and recommendation on any dispositive matter. ECF No. 4; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having considered the Motions, Responses, Replies, the entire record, and being otherwise fully advised in the premises, the Court hereby RECOMMENDS that both Motions be GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff Luis Cancho-Diez Schreiber, who proceeds *pro se*, brings this twelve-count lawsuit against three companies and one individual: (1) Columbia Debt Recovery, LLC d/b/a Genesis ("Genesis"); (2) GREP Southeast, LLC d/b/a Greystar ("Greystar");

(3) GS Brickell Project Owner, LLC d/b/a SOMA at Brickell ("Owner"); and (4) Leah Douthit, in her capacity as the Licensed Real Estate Broker of Record for GREP Southeast, LLC d/b/a Greystar ("Douthit"). ECF No. 1. As alleged in the First Amended Complaint, ECF No. 1 at 38–76, this dispute arises out of a tenancy application.

Plaintiff alleges that he applied to rent an apartment owned by Owner and managed by Greystar. *Id.* at 42. Greystar denied Plaintiff's application and Plaintiff never moved in. *Id.* Despite that, Plaintiff alleges that Greystar "fabricat[ed] tenancy and financial records." *Id.* Plaintiff asserts that Genesis demanded payments from Plaintiff to satisfy tenancy-related debts that were never actually accumulated. *Id.* at 44. Based on the foregoing, Plaintiff sued the property manager Greystar, the building owner Owner, the debt collection agency Genesis, and Greystar's real estate broker, Douthit.

Plaintiff alleges (I) fraud, (II) defamation per se, (III) slander of credit, (IV) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (V) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, (VI) violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, (VII) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, (VIII) unjust enrichment, (IX) negligent supervision, (X) negligent retention, (XI) negligent misrepresentation, and (XII) broker supervisory negligence. *Id.* at 49–60. Based on the claims arising under federal statutes, Genesis removed this case from state court to federal court. *Id.* at 1–2.

Now, all Defendants move to dismiss this action. The first Motion to Dismiss is filed by Genesis. ECF No. 28. The second Motion to Dismiss is filed by Greystar and Douthit. ECF No. 33. Owner joined the second Motion to Dismiss. ECF No. 57.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sep. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678). In considering a motion to dismiss, "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679.

### A. *Pro se* pleadings

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). Still, a *pro se* litigant must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it.").

## DISCUSSION

Defendants raise multiple grounds for dismissal. Greystar, Douthit, and Owner argue that the First Amended Complaint is "globally deficient" for three main reasons: (1) it is a shotgun pleading; (2) Plaintiff lacks Article III standing; and (3) the voluntary payment doctrine prevents a plaintiff from recovering monetary damages if the plaintiff willfully paid money while having full knowledge of the relevant facts on which the claim is based. ECF No. 33 at 4–5. Genesis principally argues that the First Amended Complaint fails to state a claim. ECF No. 28.

The undersigned begins by addressing the shotgun pleading argument, as it is dispositive. The Federal Rules of Civil Procedure set forth basic pleading standards. A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must also state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

So-called "shotgun pleadings" are "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without

> specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id*. at 1321–23.

Here, the First Amended Complaint brings twelve different claims. Each claim begins with the following sentence: "Plaintiff re-alleges and reincorporates by reference all preceding paragraphs as though fully set forth herein." *See, e.g.,* ECF No. 1 at 49. That sentence "caus[es] each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. As a result, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996). The First Amended Complaint is, therefore, an impermissible shotgun pleading.

Further, imprecise pleading is unworkable in a case with twelve different claims and four different Defendants. Some claims are brought against all Defendants, while some are brought against only one. Each Defendant played a distinct role in the facts alleged, so the pleading cannot be "fairly read to aver that all defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). Although Plaintiff makes some effort at distinguishing which Defendant did what, the First Amended Complaint also contains some collective allegations that obscure the basis for this lawsuit. For example, Plaintiff asserts that "Defendants' conduct toward Plaintiff was not an isolated incident but part of a broader pattern of unlawful and deceptive practices." ECF No. 1 at 47. It is unclear whether Plaintiff is referring only to Greystar and Genesis in that sentence—based on his allegation that Greystar and Genesis "acted in concert,"

*id.* at 42—or if Plaintiff is referring to all four Defendants. *Contrast Noshirvan v. Couture*, No. 2:23-CV-1218-JES-KCD, 2025 WL 1769669, at *8 (M.D. Fla. June 26, 2025) (dismissing claims on shotgun pleading grounds where there were "multiple defendants but not all of them could have realistically participated in the complained of act"), *with Peoples Home Health, LLC v. Covenant Home Health Care, LLC*, No. 3:20-CV-5523-MCR-HTC, 2020 WL 12309341, at *2 (N.D. Fla. Oct. 15, 2020) (finding that collective allegations were acceptable because defendants were "a group of related defendant entities with overlapping levels of control").

Ultimately, Plaintiff has failed to conform his pleading to the Federal Rules of Civil Procedure, and the First Amended Complaint has not given each Defendant "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Dismissal of the First Amended Complaint should be granted on shotgun pleading grounds.[1] "A district court that receives a shotgun pleading should strike it and instruct counsel to replead the case." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). Such relief is warranted here. Accordingly, any pending motions should be denied as moot.[2]

---

[1] Because this argument is dispositive, and Plaintiff's failure to adequately plead his claims moots all remaining arguments, the Court need not address other grounds for dismissal. *See Parfitt v. Fla. Gulf Coast Univ.*, No. 219CV727FTM38NPM, 2020 WL 1873585, at *5–7 (M.D. Fla. Apr. 15, 2020) (declining to reach the merits of a due process claim, including a qualified immunity defense, because "the Court cannot decide that issue given the Complaint's shotgun nature").

[2] Defendants Greystar and Douthit filed a Motion for Order to Show Cause and Protective Order. ECF No. 61. Greystar and Douthit allege that Plaintiff engaged in "abusive and harassing litigation tactics," including the filing of pleadings with fake legal authorities generated by artificial intelligence ("AI"). *Id.* at 1. "Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. There is potential harm to the

As to any amended pleading, Plaintiff shall ensure that any future pleading complies with the Federal Rules of Civil Procedure, especially Rules 8 and 10. In accordance with Rule 8, the Amended Complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Twombly*, 550 U.S. at 555. In accordance with Rule 10, Plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, Plaintiff is warned that failure to comply with court rules or court orders will result in dismissal and closure of the case. *See Williams v. U.S. Dep't of Just.*, No. 4:20-CV-00390-AW-MAF, 2020 WL 6928389, at *2 (N.D. Fla. Oct. 23, 2020) (recommending dismissal after plaintiff failed to comply with instructions to amend and refile IFP application), *report and recommendation adopted*, 2020 WL 6928409 (N.D. Fla. Nov. 24, 2020).

---

reputation of judges and courts whose names are falsely invoked." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023). The Eleventh Circuit has imposed sanctions on not only attorneys, but also *pro se* litigants, for their use of hallucinated case law. *See, e.g., O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924, at *8 (S.D. Fla. Jan. 10, 2025) (finding that *pro se* litigant's "submission of fake authorities, combined with his failure to candidly acknowledge that mistake along with his pattern of disregarding court orders and the Local Rules, warrants the imposition of the sanction of dismissal"). Plaintiff is on notice that misuse of AI programs may have serious consequences. In light of the recommended dismissal, however, the undersigned recommends denying the motion as moot and without prejudice to renew.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that:

1. The Motions to Dismiss, ECF Nos. 28; 33, should be GRANTED on shotgun pleading grounds.
2. The First Amended Complaint should be DISMISSED without prejudice.
3. All pending motions should be DENIED AS MOOT.
4. Plaintiff should be directed to file an Amended Complaint within fourteen (14) days.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 28th day of September 2026.

PATRICK M. HUNT
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record

Luis Cancho-Diez Schreiber
77 Hendricks Isle, Apt. 7
Fort Lauderdale, FL 33301